UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DION LAMONT CAMP,<br><br>Defendant. | Criminal No. 2:23cr63 |

# ORDER

Pending before the Court is a Motion in Limine to Admit Certain Business Records (the "Motion") filed by the Government on February 24, 2025. ECF No. 146. Therein, the Government requests a pretrial ruling that certain business records are authentic because they have been certified in accordance with Federal Rules of Evidence 902(11) and 902(13), and that admission of the relevant authentication certificates does not violate the Confrontation Clause. *Id.* at 1. Defendant Dion Lamont Camp ("Defendant") filed a Response on March 2, 2025, indicating that he does not oppose the Motion. ECF No. 161.[1]

Also pending before the Court is a Supplemental Motion in Limine to Admit Certain Business Records (the "Supplemental Motion") filed by the Government on March 4, 2025. ECF No. 170. Therein, the Government seeks a similar ruling for two additional business records and notes that Defendant has no objection to adding these

---

[1] On March 3, 2025, the Government indicated to the Court that it did not plan to file a Reply.

1

records to the Government's initial Motion. The Motion and the Supplemental Motion (together, the "Motions") are ripe for review. For the following reasons, the Motions (ECF Nos. 146 & 170) are **GRANTED**.[2]

On March 6, 2024, a twenty-count Second Superseding Indictment was filed against Defendant. Second Superseding Indictment, ECF No. 84. Trial in this matter is scheduled to begin on March 11, 2025. In anticipation of trial, the Government filed its initial Motion to pre-authenticate thirty-two categories of business records, as described on pages two and three of the Government's Motion (collectively, the "Records"). Mot. at 2–3, ECF No. 146. The Government states that it has obtained authenticity certificates in compliance with Federal Rules of Evidence 902(11) and 902(13) for all of the Records, and such certificates are attached as exhibits 1–50 to its Motion. Mot. at 1, ECF No. 146; *see* Gov't Exs. 1–46, 48–50, ECF No. 146-2–146-50; Gov't Ex. 47, ECF No. 147. Prior to the filing of its initial Motion, the Government was unable to come to an agreement with Defendant about the authentication of such Records. Mot. at 9, ECF No. 146. However, in his Response, Defendant does not object to the authentication of the Records (although he reserves the right to object under other evidentiary rules). Resp. at 1, ECF No. 161. Defendant further agrees that he will not challenge use of the certificates pursuant to the Confrontation Clause. *Id.*

---

[2] The Court has determined that a hearing on the Motions is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Crim. R. 47(J).

2

On March 4, 2025, the Government filed the instant Supplemental Motion to similarly pre-authenticate two additional business records.[3] Supp. Mot. at 1, ECF No. 170. It has also obtained authenticity certificates for these two additional records in compliance with Federal Rules of Evidence 902(11) and 902(13), and such certificates are attached as Exhibits A and B to its Supplemental Motion. Supp. Mot. at 1; *see* Gov. Exs. A–B, ECF No. 170-2–170-3.

Accordingly, and considering the law as set forth in the parties' briefing and Defendant's lack of objection to the authenticity of the Records, the Court finds that the Records are admissible without witness testimony to authenticate them, pursuant to Federal Rules of Evidence 803(6), 902(11), and 902(13), and that the admission of authentication certificates such as those provided as Exhibits 1 through 50 to the Motion, and Exhibits A and B to the Supplemental Motion, does not violate the Confrontation Clause. Therefore, the Government's Motions (ECF Nos. 146 & 170) are **GRANTED**. The certificates provided as Exhibits 1 through 50 to the Government's Motion and as Exhibits A and B to the Government's Supplemental Motion are hereby **ADMITTED into evidence**, and the Records are deemed **ADMISSIBLE** without the need for live witness testimony to authenticate them, subject to any potential objections under other applicable evidentiary rules. The Clerk is **REQUESTED** to forward a copy of this Order to all counsel of record.

---

[3] Hereafter, all references to the "Records" are intended to include the two additional business records referenced in the Government's Supplemental Motion (ECF No. 170).

**IT IS SO ORDERED.**

                                                                       /s/
                                     Arenda L. Wright Allen
                                    United States District Judge

March 5, 2025
Norfolk, Virginia