IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED IN OPEN COURT
JAN 1 6 2026
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

v.

DION LAMONT CAMP,

    Defendant.

Criminal No. 2:23-cr-63

## AMENDED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on March 21, 2025, defendant Dion Lamont Camp was found guilty by a jury of Counts 1 through 15 and Counts 17 through 20 of the Second Superseding Indictment, which charged him with Bank Fraud, in violation of 18 U.S.C. § 1344 (Counts 1-7, 13-14), Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 8-11 and 15), Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Count 12), and False Representation of a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B) (Counts 17-20);

AND WHEREAS, the Court's jurisdiction is founded upon 18 U.S.C. § 982(a)(2)(A), as to the Bank Fraud counts, and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as to the Wire Fraud counts;

AND WHEREAS, on October 31, 2025, the United States filed a Motion for Preliminary Order of Forfeiture requesting the forfeiture of a monetary judgment in the amount of $1,744,606.28;

AND WHEREAS, on January 16, 2026, the United States made an oral motion to amend the amount of the monetary judgment it sought to $1,751,806.28 due to the inclusion of the defendant's gains from an additional victim not addressed in the government's October 31, 2025

motion;

AND WHEREAS, the Court finds that the government has met its burden to prove that the proceeds the defendant obtained from the fraud scheme in Counts 1-11 and 13-15 is $1,751,806.28. The Court finds that the government has also met its burden to show that the property subject to forfeiture is unavailable due to acts or omissions by the defendant as set forth in 21 U.S.C. §§ 853(p)(1)(A) and (p)(1)(B), thereby satisfying 21 U.S.C. § 853(p)(2);

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(A), and 28 U.S.C. § 2461(c):

> **A sum of money in the amount of $1,751,806.28, representing the proceeds the defendant obtained from the fraud scheme in Counts 1-11 and 13-15, for which the defendant has been convicted, and which sum shall constitute a monetary judgment against the defendant and in favor of the United States. This is a sum for which the defendant shall be solely liable.**

2. A money judgment in the amount of $1,751,806.28 shall be included in the sentence of the defendant. The Court having found that the requirements of 21 U.S.C. § 853(p) have been satisfied, the government may, by motion filed pursuant to Fed. R. Crim. P. 32.2(e), collect on its monetary judgment by all available means as provided by law.

3. As this Order provides only for a money judgment, rather than the forfeiture of specific property, pursuant to Fed. R. Crim. P. 32.2(c)(1) no ancillary proceeding shall follow the entry of this Order and this Order shall be the final order with respect to the money judgment. Upon the subsequent seizure of any property to satisfy all or part of the judgment, the United States shall comply with the notice and publication provisions of Fed. R. Crim. P. 32.2(b)(6).

4. Upon entry of this order, the United States Attorney's Office is authorized to

conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and the issuance of subpoenas, to identify, locate, or dispose of forfeitable property.

5. Pursuant to Rule 32.2(b)(4)(B), this order of forfeiture shall be included in the Judgment imposed in this case.

                                                                                                               Honorable Arenda L. Wright Allen
                                                                                                               United States District Judge

Norfolk, Virginia

Dated: January 16, 2024